WILLIAM ECHOLS v. J. C. P. HAMMOND and WIFE.

1. EQUITY: JURISDICTION.—It is a general rule, that a court of equity will not entertain jurisdiction of a purely legal demand, where the remedy is clear and unembarrassed at law; before equity will take jurisdiction, there must be a clear right, and an inadequate legal remedy to enforce it.

2. EQUITY: ATTACHMENT IN.—The statute of this state, Hutch. Code, 801, § 6, gives a remedy by attachment at law, to a resident creditor, to enforce his debt against an absconding debtor; and the eleventh section of the same act, provides the same remedy as against non-resident debtors. A court of chancery will not, therefore, entertain a bill to enforce a legal demand in favor of a resident creditor, against a debtor who hath removed from this state, or who is an inhabitant of another state, never having resided here.

APPEAL from the District Chancery Court at Holly Springs. Hon. Henry Dickinson, vice chancellor.

The appellant, who was the complainant in the court below, filed his bill against the appellees, charging in substance as stated in the opinion of the court. The appellees appeared and demurred to the bill, on the ground of a want of jurisdiction in the Chancery Court. The demurrer was overruled, and the appellees then answered; and on final hearing upon bill, answer, and proof, the bill was dismissed. From this decision the appeal was taken.

*D. Mayes, Watson* and *Craft*, for appellant.

*D. C. Glenn*, attorney general, for appellees.

This is an attempt to enforce in equity, a purely legal claim against appellees. Law is the proper forum for this case, and appellant's remedy, if he had any claim at all, was ample, complete and unembarrassed at law. Hutch. Code, p. 820, acts of 1844. The demurrer to the bill should have been sustained, and the bill dismissed.

Mr. Justice FISHER, delivered the opinion of the court.
VOL. I.—12

This is an appeal from a decree of the Vice Chancery Court, holden at Holly Springs.

The bill in substance alleges, that the defendant, Parmelia Hammond, before her intermarriage with Hammond, was indebted to the complainant in the sum of $1500, for so much money paid by the complainant to her use. That at the time she became so indebted, she was a resident of Marshall county, but that in consequence of her marriage, she has become a resident of the State of Alabama, where her husband resides. That her property is in the county of Marshall, in the possession of one Wright. That the complainant is also a resident of said county. This statement presents the entire merits of the case, and the question therefore for consideration is, whether the complainant is entitled to relief in a court of equity. The claim sought to be enforced is in its nature a plain legal demand, or if there be even a doubt in this respect, it is certainly not aided by principles of equity: it is either a legal claim or nothing. Does the mere removal of the debtor from the state, furnish a sufficient excuse to the creditor for invoking the aid of a court of equity? The answer to this question, must depend upon whether the law has failed to provide for such a state of case; for it may be safely asserted, as a general rule, that equity will in no case entertain jurisdiction of a purely legal demand, when the remedy is clear and unembarrassed at law. If in any case a different rule prevails, it is but an exception to the general rule, and can, and ought never to be extended farther than the exception requires. Here the remedy was ample and complete at law. The act of the 7th of June, 1822, declares that, if any creditor shall make oath that "his debtor hath removed, or is removing out of the state," that an attachment may be issued by the proper officer, against the estate of such debtor, shall be levied thereon by the sheriff, and shall be deemed the leading process in the cause, returnable into the Circuit Court of the proper county. Hutch. Code, p. 801, § 6. Again, if it be said that the debtor, in virtue of her marriage to a person, whose domicil is in the state of Alabama, must be regarded as an inhabitant of another state, or as a person who never resided here, then the 11th section of the act provides for that state of case, and

gives the complainant a complete remedy in a court of law. Re-' course must be had to some rule, to sustain every proceeding commenced in a court of justice. The rule which determines the jurisdiction of equity is a clear right, and an inadequate legal remedy to enforce it. The remedy in this case is no less clear at law than the right itself; and for this reason, while we say nothing as to the correctness of the means by which the chancellor arrived at the conclusion to which he did, in dismissing the bill, yet as the conclusion is in our opinion clearly right, the decree must be sustained.

Decree affirmed.